# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-mc-151-RJC

| | |
|---|---|
| JAMES ANTHONY EVANS, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )  **ORDER**<br>) |
| SHARON HODGE, | )<br>)<br>) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Petitioner's Response, (Doc. No. 4), to the Court's Order to show cause why this matter should not be dismissed with prejudice. See (Doc. No. 3).

Plaintiff's Complaint is comprised of several nonsensical documents which the Court docketed as a "miscellaneous" matter. The Court was unable to conduct meaningful initial review and ordered Plaintiff to show cause why this matter should not be dismissed. (Doc. No. 3). He was informed of his obligation to present a short and plain statement of the claim that asserts a plausible, non-frivolous basis for relief. (Doc. No. 3 at 2-3). He was cautioned that failure to do so my result in dismissal of this action with prejudice. (Doc. No. 3 at 4).

Plaintiff's Response states:

> The enclosed appears to be an offer to contract. Your offer has been refused! I do not consent to your attempts to side-step your obligation under the laws of the United States to foreclose the maritime lien filed on October 19, 2017 as case No. 3:17-mc-151-RJC.
>
> Your offer is nether acknowledgeable nor recognizable, and under the penalty of mispersonation [sic], must be returned.

(Doc. No. 4 at 2).

1

A court is empowered to dismiss a case *sua sponte* under Rule 12(b) where the plaintiff has clearly failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); Grier v. United States, 57 F.3d 1066 (4th Cir. 1995) (noting that, when it is clear as a matter of law that no relief could be granted under any set of facts, the court is warranted in either granting a motion to dismiss for failure to state a claim or ordering dismissal *sua sponte* under Rule 12(b)(6)) (unpublished); Allran v. New York Fed. Reserve Bank, 2010 WL 2163281 (W.D.N.C. May 27, 2010) (dismissing complaint with prejudice under Rule 12(b)(6) where his claims that a conspiracy by defendants to establish a "New World Order" for the purpose of perpetrating an "evil scheme to rule the world [and] engage in intentional, evil, sinful, unlawful and deceitful acts" fail to state a claim upon which relief can be based), *aff'd* Allran v. Wells Fargo, 424 Fed. Appx. 198 (4th Cir. 2011).

Further, federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536 (1974); see Hannis Distilling Co. v. City of Baltimore, 216 U.S. 285, 289 (1910) ("obviously frivolous or plainly unsubstantial"); Bailey v. Patterson, 369 U.S. 31, 33 (1962) ("wholly insubstantial," "legally speaking non-existent," "essentially fictitious"); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) ("frivolous or immaterial"). Rule 12(b)(1) authorizes district courts to dismiss a "patently insubstantial complaint … for want of subject-matter jurisdiction." Neitzke v. Wiliams, 490 U.S. 319, 327 n.6 (1989). A court has an independent obligation to evaluate subject matter jurisdiction *sua sponte* if it is in doubt. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976).

Plaintiff's Complaint is frivolous and fails to state any plausible claim for relief or any basis for the Court's subject-matter jurisdiction, and it is therefore dismissed with prejudice. See Fed. R. Civ. P. 12(b)(1), (6).

**IT IS, THEREFORE, ORDERED** that

1. The Complaint is **DISMISSED** with prejudice for failure to state a claim and lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and (6).

4. The Clerk is directed to close the case.

Signed: May 16, 2018

Robert J. Conrad, Jr.
United States District Judge